## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## 3:22-cv-555-MOC

ALTON SHARAN SAPP,                    )
                                      )
                    Plaintiff, pro se,    )
                                      )
vs.                                   )            **ORDER**
                                      )
AUDI OF CHARLOTTE, et al.,            )
                                      )
                    Defendants.       )
_____ )

      **THIS MATTER** is before the Court on Plaintiff's Motion to Proceed in Forma Pauperis. (Doc. No. 2), and on Plaintiff's Pro se Motion for Default Judgment, (Doc. No. 3).

      Pro se Plaintiff Alton Sharan Sapp has filed twenty Complaints with this Court in under two months. Most of these actions have substantially or completely overlapping factual allegations, claims, and/or Defendants. In this action, Plaintiff has sued Audi of Charlotte and various named employees of Audi. Plaintiff appears to be bringing a claim for defamation against the named Defendants, alleging that they falsely accused him of committing violent felonies at an Audi dealership in Charlotte, North Carolina.

      Federal courts "may authorize" a litigant to prosecute or defend a civil action without paying the usual required fees if the litigant submits an affidavit containing a statement of the litigant's assets and demonstrating that she cannot afford to pay the required fees. 28 U.S.C. § 1915(a)(1). A district court thus has the authority to grant or deny an application to proceed in forma pauperis. Clarke v. Richmond Behav. Health Auth., 402 F. App'x 764, 766 (4th Cir. 2010). This discretion is limited to a determination of "the poverty and good faith of the applicant and the meritorious character of the cause in which the relief was asked." Dillard v.

1

Liberty Loan Corp., 626 F.2d 363, 364 (4th Cir. 1980) (quoting Kinney v. Plymouth Rock Squab Co., 236 U.S. 43, 46 (1915)). "In the absence of some evident improper motive, the applicant's good faith is established by the presentation of any issue that is not plainly frivolous." Id. (quoting Ellis v. United States, 356 U.S. 674 (1958)).

Section 1915(d), in turn, permits district courts to dismiss suits filed pursuant to § 1915(a) if "the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." 28 U.S.C. § 1915(d). Thus, both the authority to accept and to dismiss such complaints thus arise from a single statute. Cochran v. Morris, 73 F.3d 1310, 1315 (4th Cir. 1996).

Plaintiff's Application show that he has had an average monthly income of $80 during the past twelve months, consisting entirely of gifts, and that he expects the same income next month. As assets, the Plaintiff claims several billion dollars in outstanding "Financial Instruments/Def. Judgments." Plaintiff reports monthly expenses in the amount $80. Plaintiff does expect to have major changes in his monthly income in the next 12 months by collecting on his ostensibly outstanding judgments. He expects to pay around $10 in conjunction with the litigation of each of his cases for mailing. Plaintiff further explains that he cannot pay the costs of these proceedings because his "[e]mployment is severely constrained due to current litigation efforts in both civil and criminal court."

Plaintiff has recently inundated the Court with numerous duplicative and frivolous cases. The Court concludes that Plaintiff is engaging in a pattern of abusive, frivolous, malicious, and harassing litigation that demonstrates an improper motive and lack of good faith. Accordingly, the Court will exercise its discretion to deny authorization to proceed in forma pauperis. Plaintiff

shall have 14 days within which to pay the full filing fee. If he does not pay the filing fee, this action will be dismissed without prejudice and without further notice.

**IT IS, THEREFORE, ORDERED** that:

(1)     Plaintiff's Motion to Proceed In Forma Pauperis, (Doc. No. 2), is **DENIED**. Plaintiff shall have 14 days within which to pay the full filing fee. If he does not pay the filing fee, this action will be dismissed without prejudice and without further notice.

(2)     Plaintiff's Motion for Default Judgment, (Doc. No. 3), is also **DENIED**.

Signed: November 18, 2022

Max O. Cogburn Jr.
United States District Judge